UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WALTER LANGSTON,<br><br>           Plaintiff,<br><br>      v.<br><br>CALIFORNIA DEPARTMENT OF<br>CORRECTIONS, et al.,<br><br>           Defendants. | No.  2:15-cv-1437 GEB KJN P<br><br><br>ORDER |

Plaintiff is a state prisoner, proceeding without counsel.  Plaintiff seeks relief pursuant to 42 U.S.C. § 1983, and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.  This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

Plaintiff submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a).  Accordingly, the request to proceed in forma pauperis will be granted.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1).  By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court.  Thereafter, plaintiff will be obligated to make monthly payments of twenty percent of the preceding month's income credited to plaintiff's trust account.

These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous when it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989), superseded by statute as stated in Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) ("[A] judge may dismiss [in forma pauperis] claims which are based on indisputably meritless legal theories or whose factual contentions are clearly baseless."); Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). In order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Id. at 555. However, "[s]pecific facts are not necessary; the statement [of facts] need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Erickson v. Pardus, 551 U.S. 89, 93 (2007) (quoting Bell Atlantic, 550 U.S. at 555, citations and internal quotations marks omitted).

1   In reviewing a complaint under this standard, the court must accept as true the allegations of the
2   complaint in question, Erickson, 551 U.S. at 93, and construe the pleading in the light most
3   favorable to the plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other
4   grounds, Davis v. Scherer, 468 U.S. 183 (1984).
5         Plaintiff alleges that on May 6, 2015, while housed at California State Prison, Sacramento,
6   he was assigned the top bunk. Plaintiff explained that he could not legally be housed on the top
7   bunk because of "safety issues of falling off the bunk." (ECF No. 1 at 3.) On May 25, 2015,
8   plaintiff fell off the top bunk and injured his left leg. Plaintiff claims that the defendants were
9   deliberately indifferent and violated his Eighth and Fourteenth Amendment rights. Plaintiff
10  names the warden and Sgt. Matthews as defendants, and seeks money damages and injunctive
11  relief.
12        The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

16  42 U.S.C. § 1983. The statute requires that there be an actual connection or link between the
17  actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See
18  Monell v. Department of Social Servs., 436 U.S. 658 (1978) ("Congress did not intend § 1983
19  liability to attach where . . . causation [is] absent."); Rizzo v. Goode, 423 U.S. 362 (1976) (no
20  affirmative link between the incidents of police misconduct and the adoption of any plan or policy
21  demonstrating their authorization or approval of such misconduct). "A person 'subjects' another
22  to the deprivation of a constitutional right, within the meaning of § 1983, if he does an
23  affirmative act, participates in another's affirmative acts or omits to perform an act which he is
24  legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy,
25  588 F.2d 740, 743 (9th Cir. 1978).
26        Moreover, supervisory personnel are generally not liable under § 1983 for the actions of
27  their employees under a theory of respondeat superior and, therefore, when a named defendant
28  holds a supervisorial position, the causal link between him and the claimed constitutional

violation must be specifically alleged.  See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979) (no liability where there is no allegation of personal participation); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978) (no liability where there is no evidence of personal participation), cert. denied, 442 U.S. 941 (1979).  Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient.  See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982) (complaint devoid of specific factual allegations of personal participation is insufficient).

Plaintiff fails to include specific allegations as to each named defendant.  Plaintiff alleges no facts demonstrating that the warden was aware of plaintiff's alleged need for a top bunk.  He includes no allegations demonstrating that either defendant was responsible for plaintiff's bunk assignment, or that the defendant was aware of plaintiff's need for a lower bunk but disregarded it when assigning plaintiff to an upper bunk.

The court finds the allegations in plaintiff's complaint so vague and conclusory that it is unable to determine whether the current action is frivolous or fails to state a claim for relief.  The court has determined that the complaint does not contain a short and plain statement as required by Fed. R. Civ. P. 8(a)(2).  Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the claim plainly and succinctly.  Jones v. Cmty. Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984).  Plaintiff must allege with at least some degree of particularity overt acts which defendants engaged in that support plaintiff's claim. Id.  Because plaintiff has failed to comply with the requirements of Fed. R. Civ. P. 8(a)(2), the complaint must be dismissed.  The court will, however, grant leave to file an amended complaint.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions about which he complains resulted in a deprivation of plaintiff's constitutional rights.  Rizzo v. Goode, 423 U.S. 362, 371 (1976).  Also, the complaint must allege in specific terms how each named defendant is involved.  Id.  There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Id.; May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Furthermore, vague and conclusory allegations of official participation in civil

1   rights violations are not sufficient. <u>Ivey v. Bd. of Regents</u>, 673 F.2d 266, 268 (9th Cir. 1982).

2   　　　In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to
3   make plaintiff's amended complaint complete.  Local Rule 220 requires that an amended
4   complaint be complete in itself without reference to any prior pleading.  This requirement exists
5   because, as a general rule, an amended complaint supersedes the original complaint.  <u>See</u> <u>Loux v.</u>
6   <u>Rhay</u>, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original
7   pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an
8   original complaint, each claim and the involvement of each defendant must be sufficiently
9   alleged.

10   　　　On October 29, 2015, plaintiff requested that the court appoint counsel.  District courts
11   lack authority to require counsel to represent indigent prisoners in section 1983 cases.  <u>Mallard v.</u>
12   <u>United States Dist. Court</u>, 490 U.S. 296, 298 (1989).  In exceptional circumstances, the court may
13   request an attorney to voluntarily represent such a plaintiff.  <u>See</u> 28 U.S.C. § 1915(e)(1).  <u>Terrell</u>
14   <u>v. Brewer</u>, 935 F.2d 1015, 1017 (9th Cir. 1991); <u>Wood v. Housewright</u>, 900 F.2d 1332, 1335-36
15   (9th Cir. 1990).  When determining whether "exceptional circumstances" exist, the court must
16   consider plaintiff's likelihood of success on the merits as well as the ability of the plaintiff to
17   articulate his claims pro se in light of the complexity of the legal issues involved.  <u>Palmer v.</u>
18   <u>Valdez</u>, 560 F.3d 965, 970 (9th Cir. 2009) (district court did not abuse discretion in declining to
19   appoint counsel).  The burden of demonstrating exceptional circumstances is on the plaintiff.  <u>Id.</u>
20   Circumstances common to most prisoners, such as lack of legal education and limited law library
21   access, do not establish exceptional circumstances that warrant a request for voluntary assistance
22   of counsel.

23   　　　Having considered the factors under <u>Palmer</u>, the court finds that plaintiff has failed to
24   meet his burden of demonstrating exceptional circumstances warranting the appointment of
25   counsel at this time.

26   　　　In accordance with the above, IT IS HEREBY ORDERED that:
27   　　　1.  Plaintiff's request for leave to proceed in forma pauperis is granted.
28   　　　2.  Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.  Plaintiff

is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1).  All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

       3.  Plaintiff's complaint is dismissed.

       4.  Within thirty days from the date of this order, plaintiff shall complete the attached Notice of Amendment and submit the following documents to the court:

            a.  The completed Notice of Amendment; and

            b.  An original and one copy of the Amended Complaint.

Plaintiff's amended complaint shall comply with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice.  The amended complaint must also bear the docket number assigned to this case and must be labeled "Amended Complaint."  Failure to file an amended complaint in accordance with this order may result in the dismissal of this action.

       5.  Plaintiff's motion for the appointment of counsel (ECF No. 15) is denied without prejudice.

Dated:  November 5, 2015

*[signature]*
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/lang1437.14

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WALTER LANGSTON,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>CALIFORNIA DEPARTMENT OF CORRECTIONS, et al.,<br><br>　　　　Defendants. | No. 2:15-cv-1437 GEB KJN P<br><br>NOTICE OF AMENDMENT |

　　　Plaintiff hereby submits the following document in compliance with the court's order filed_____.

　　　_____　　　Amended Complaint

DATED:

　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　Plaintiff