1

2

3

4

5

6

7

8                            UNITED STATES DISTRICT COURT

9                         FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   WALTER LANGSTON,                          No.  2:15-cv-1437 GEB KJN P

12                  Plaintiff,

13        v.                                    ORDER

14   SERGEANT SHARMA,

15                  Defendant.

16

17        Plaintiff is a state prisoner, proceeding pro se; in an action brought under 42 U.S.C. §

18   1983.  On May 27, 2016, plaintiff filed a document referencing the instant case number, as well

19   as the case number for his currently pending petition for writ of habeas corpus, Case No. 16-cv-

20   0829 EFB.  Plaintiff asks for an extension of time to comply with this court's April 22, 2016

21   order, and also seeks the appointment of counsel.  Plaintiff states that he cannot comply with the

22   court's order because he has been hospitalized in a crisis bed due to mental illness.  Plaintiff also

23   claims that he can no longer proceed pro se as of May 9, 2016.

24        District courts lack authority to require counsel to represent indigent prisoners in section

25   1983 cases.  Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989).  In exceptional

26   circumstances, the court may request an attorney to voluntarily represent such a plaintiff.  See 28

27   U.S.C. § 1915(e)(1).  Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v.

28   Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).  When determining whether "exceptional

1

circumstances" exist, the court must consider plaintiff's likelihood of success on the merits as well as the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved.  Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009) (district court did not abuse discretion in declining to appoint counsel).  The burden of demonstrating exceptional circumstances is on the plaintiff.  Id.  Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that warrant a request for voluntary assistance of counsel.

Having considered the factors under Palmer, the court finds that plaintiff has failed to meet his burden of demonstrating exceptional circumstances warranting the appointment of counsel at this time.  To date, plaintiff has effectively litigated this case, which involves relatively straightforward Eighth Amendment claims based on medical treatment.

In light of plaintiff's present hospitalization, the court grants plaintiff additional time in which to submit the documents for service pursuant to the April 22, 2016 court order.

Accordingly, IT IS HEREBY ORDERED that:

1.  Plaintiff's motion for the appointment of counsel (ECF No. 27) is denied without prejudice.

2.  Plaintiff's motion for an extension of time (ECF No. 27) is granted; and

3.  Plaintiff is granted sixty days from the date of this order in which to file submit the documents for service.

Dated:  June 2, 2016

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/lang1437.31+36