UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WALTER LANGSTON,<br><br>    Plaintiff,<br><br>    v.<br><br>SERGEANT SHARMA,<br><br>    Defendant. | No. 2:15-cv-1437 GEB KJN P<br><br>FINDINGS AND RECOMMENDATIONS |

I. Introduction

    Plaintiff is a state prisoner, proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983, and was granted leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915 on November 5, 2015. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

    Defendant moved to revoke plaintiff's in forma pauperis status on the grounds that plaintiff previously filed at least three actions or appeals that constitute strikes under 28 U.S.C. § 1915(g), and plaintiff was not in imminent danger of physical injury at the time he filed this action. In his opposition, plaintiff appears to concede he has sustained at least three prior strikes under 1915(g), but argues, *inter alia*, that he was in imminent danger of physical injury at the time he filed his complaint, based on his being housed with a dangerous inmate, and recites incidents that took place in 2015, after he filed the instant action. In reply, defendants counter

that plaintiff's new allegations were not included in his pleading and that based on his allegations in his pleading that he sought damages for defendant's failure to house plaintiff in a lower bunk on August 31, 2011, such allegations fail to demonstrate plaintiff was in imminent danger of physical injury at the time he filed this action. (ECF No. 37.)

II. Legal Standards

Title 28 U.S.C. § 1915(g) is part of the Prison Litigation Reform Act ("PLRA"). The PLRA was intended to eliminate frivolous lawsuits, and its main purpose was to address the overwhelming number of prisoner lawsuits. Cano v. Taylor, 739 F.3d 1214, 1219 (9th Cir. 2014). Title 28 U.S.C. § 1915(g) reads:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). As the Supreme Court has stated, this "three strikes rule" was part of "a variety of reforms designed to filter out the bad claims filed by prisoners and facilitate consideration of the good." Coleman v. Tollefson, 135 S. Ct. 1759, 1762 (2015) (quoting Jones v. Block, 549 U.S. 199, 204 (2007)). If a prisoner has "three strikes" under § 1915(g), the prisoner is barred from proceeding in forma pauperis unless he meets the exception for imminent danger of serious physical injury. See Andrews v. Cervantes, 493 F.3d 1047, 1052 (9th Cir. 2007). The Ninth Circuit has held that the complaint of a "three-strikes" prisoner must plausibly allege that the prisoner was faced with imminent danger of serious physical injury at the time his complaint was filed. See Williams v. Paramo, 775 F.3d 1182, 1189 (9th Cir. 2014); Cervantes, 493 F.3d at 1055.

In forma pauperis status may be acquired and lost during the course of litigation. Stehouwer v. Hennessey, 841 F.Supp. 316, 321 (N.D. Cal., 1994), vacated on other grounds by Olivares v. Marshall, 59 F.3d 109 (9th Cir. 1995). The plain language of the statute makes clear that a prisoner is precluded from bringing a civil action or an appeal in forma pauperis if the prisoner has brought three frivolous actions or appeals (or any combination thereof totaling

three).  See Rodriguez v. Cook, 169 F.3d 1176, 1178 (9th Cir. 1999).  Title 28 U.S.C. § 1915(g) should be used to deny a prisoner's in forma pauperis status only upon a determination that each action reviewed as a potential strike is carefully evaluated to determine that it was dismissed as frivolous, malicious or for failure to state a claim.  Andrews v. King, 398 F.3d 1113, 1121 (9th Cir. 2005).  Defendants have the burden to "produce documentary evidence that allows the district court to conclude that the plaintiff has filed at least three prior actions . . . dismissed because they were 'frivolous, malicious or fail[ed] to state a claim.'"  Id. at 1120 (quoting § 1915(g)).  To determine whether a dismissal qualifies as a strike, a "reviewing court looks to the dismissing court's action and the reasons underlying it."  Knapp v. Hogan, 738 F.3d 1106, 1109 (9th Cir. 2013) (citing King, 398 F.3d at 1121), cert. denied, 135 S. Ct. 57 (2014).[1]

Once defendants meet their initial burden, it is plaintiff's burden to explain why a prior dismissal should not count as a strike.  King, 398 F.3d at 1120.  If the plaintiff fails to meet that burden, plaintiff's in forma pauperis status should be revoked under 28 U.S.C. § 1915(g).  King, 398 F.3d at 1120.

III.  Plaintiff's Prior Actions

The court agrees with defendants that on three prior occasions, plaintiff brought actions while incarcerated that were dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted.  Langston v. Finn, No. 2:08-cv-2475 EFS (E.D. Cal. May 1, 2013) (ECF No. 34) (order of dismissal constitutes a "strike" under 1915(g)); Langston v. CDCR, No. 2:10-cv-3191 KJN (E.D. Cal. May 24, 2013) ("The SAC fails to state a cognizable federal civil rights claim.") (ECF No. 23 at 2); and Langston v. Shiaishi, No. 2:11-cv-1624 DAD (E.D. Cal. May 13, 2013) (failure to state a cognizable claim) (ECF No. 17).

Plaintiff is therefore precluded from proceeding in forma pauperis in this action unless plaintiff is "under imminent danger of serious physical injury."  28 U.S.C. § 1915(g).

////

////

---

[1]  Plaintiff's argument that certain dismissals cannot count as strikes because the court did not expressly "deem" the dismissal to be a strike is unavailing in light of Knapp and King.

IV. Imminent Danger

Under the PLRA, prisoners who have three complaints dismissed under section 1915(e)(2) are barred from filing additional in forma pauperis complaints unless they are "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). See also Lopez v. Smith, 203 F.3d 1122, 1129 (9th Cir. 2000). To satisfy the exception, plaintiff must have alleged facts that demonstrate that he was "under imminent danger" at the time of filing the complaint. Andrews v. Cervantes, 493 F.3d 1047, 1052-53 (9th Cir. 2007). "[T]he exception applies if the complaint makes a plausible allegation that the prisoner faced 'imminent danger of serious physical injury' at the time of filing." Id. at 1055

Section 1915(g) does not explicitly read that the imminent physical danger alleged in order to overcome section 1915(g)'s bar must also be the subject of the complaint, and the Ninth Circuit has not addressed the issue. However, at least one circuit court has determined that there must be a nexus between the imminent danger a three-strikes prisoner alleges to obtain in forma pauperis status and the legal claims asserted in the complaint. See Pettus v. Morgenthau, 554 F.3d 293, 297 (2d Cir. 2009). "In deciding whether such a nexus exists, we will consider (1) whether the imminent danger of serious physical injury that a three-strikes litigant alleges is fairly traceable to unlawful conduct asserted in the complaint and (2) whether a favorable judicial outcome would redress that injury. The three-strikes litigant must meet both requirements in order to proceed IFP." Id. at 298-99 (emphases in original).

A. Background

Plaintiff signed his original complaint on June 28, 2015. (ECF No. 1.) Plaintiff alleged that while he was housed at California State Prison, Sacramento ("CSP-SAC"), plaintiff was improperly housed on the top bunk on May 6, 2015, and on May 25, 2015, he fell from the top bunk and suffered injuries to his leg. (Id.) Plaintiff sought lower bunk housing, medical treatment, and money damages. (ECF No. 1 at 3.)

On August 6, 2015, plaintiff signed a notice of change of address to the California Health Care Facility ("CHCF") at Stockton, noting his property was lost on August 5, 2015. (ECF No. 9.) On November 5, 2015, plaintiff's complaint was dismissed, and he was granted leave to file

1  an amended complaint. (ECF No. 16.) On January 15, 2016, plaintiff filed an amended
2  complaint. (ECF No. 21.) On April 18, 2016, plaintiff filed a change of address to Salinas Valley
3  State Prison in Soledad. (ECF No. 26.) On August 8, 2016, plaintiff signed a document
4  reflecting he was housed at Corcoran, California. (ECF No. 32.) On October 12, 2016, plaintiff's
5  address was changed to Valley State Prison in Chowchilla, based on his new filing in No. 2:16-
6  cv-2360. Plaintiff's most recent opposition reflects he remains housed at Chowchilla. (ECF No.
7  36.)

In his amended complaint, plaintiff discusses events in 2011, but claims that defendant Sharma was the housing assignment officer who refused to provide plaintiff a lower bunk on May 5, 2015, and thus caused plaintiff's injury when he subsequently fell from the upper bunk and injured his leg while housed at CSP-SAC. (ECF No. 21.) Plaintiff seeks monetary damages.

B. <u>Discussion</u>

In his opposition to the pending motion, plaintiff claims that he was in imminent danger at the time he filed this action because he was housed in a cell with an inmate with whom he was allegedly incompatible. Plaintiff asserts he was placed in administrative segregation on June 10, 2015, because of the threat of this incompatibility, and that on July 2, 2015, Officer Rosser told plaintiff that, at Sharma's instruction, plaintiff must move back in with this incompatible cellmate or risk receiving a rules violation report. Plaintiff refused, and apparently received the rules violation.

Plaintiff's opposition[2] makes clear that by June 28, 2015, the date plaintiff signed his initial pleading, he was not housed with the allegedly incompatible cellmate. Rather, plaintiff was housed in administrative segregation. Although prison staff allegedly attempted to re-house plaintiff with such incompatible cellmate, plaintiff refused, and it appears he remained housed in administrative segregation until his transfer in early August of 2015. Accordingly, the

---

[2] Plaintiff cites <u>Williams v. Higgins</u>, No. 2:11-cv-0431 JAM CMK (Jan. 25, 2013 E.D. Cal.) in support of his imminent danger claim. However, in <u>Williams</u>, the court did not decline to revoke Williams' in forma pauperis status based on the threat of being housed with an inmate who had previously assaulted Williams, but because Williams claimed the alleged daily poisoning was continuing. <u>Id.</u> (ECF No. 69 at 7.)

1  undersigned finds that plaintiff fails to plausibly demonstrate that at the time of the filing of the
2  instant action, plaintiff was under imminent danger of serious physical injury by the alleged
3  threatened housing with an incompatible cellmate.³  Plaintiff goes on to describe events that took
4  place on September 14, 2015, and after, but because such dates are subsequent to the filing of the
5  instant action, such incidents are not relevant.  See Andrews, 493 F.3d at 1053 (imminent danger
6  is assessed at the time the complaint was filed).

7        Moreover, even if the allegation concerning the incompatible cellmate constituted such an
8  imminent threat, the undersigned agrees with defendant that none of the claims raised in
9  plaintiff's opposition are included in plaintiff's pleadings or even related to his claim that
10 defendant Sharma improperly assigned plaintiff to a top bunk on May 5, 2015, in violation of
11 plaintiff's Eighth Amendment rights.  See Stine v. Fed. Bureau of Prisons, 2015 WL 5255377
12 (E.D. Cal. Sept. 9, 2015) (prisoner's "allegations must also reveal a nexus between at least one
13 cause of action and the imminent danger that is plausibly alleged."); see also Pettus, 554 F.3d at
14 198-99 (prisoner must demonstrate that the imminent danger is "*fairly traceable* to unlawful
15 conduct asserted in the complaint," and "whether a favorable judicial outcome would *redress* that
16 injury.")  Here, plaintiff seeks damages for the violation of plaintiff's Eighth Amendment rights.
17 Plaintiff's claims concerning an allegedly incompatible cellmate at CSP-SAC and other
18 allegations against non-party prison staff are unrelated to the discrete Eighth Amendment claims
19 raised herein.

20       For all of the above reasons, the undersigned finds that plaintiff has not plausibly
21 demonstrated that he was under imminent danger of serious physical injury at the time he filed
22 the instant action.  Thus, plaintiff must submit the appropriate filing fee in order to proceed with
23 this action.
24 ////
25 ////

---

³ Indeed, in his inmate appeal appended to his amended pleading, plaintiff conceded that although he was incompatible with the cellmate, plaintiff could be housed on the same yard "for there were no safety concerns, or enem[y] concerns to keep Langston in administrative segregation unit." (ECF No. 36 at 13.)  They just could not live in the same cell. (Id.)

V. <u>Conclusion</u>

Because plaintiff has sustained three strikes under 28 U.S.C. § 1915(g), and failed to allege facts suggesting he was in imminent danger of serious physical injury at the time he filed this action, defendants' motion should be granted, and plaintiff should be required to submit the appropriate filing fee in order to proceed with this action. Plaintiff is cautioned that failure to pay the filing fee will result in the dismissal of this action.

In accordance with the above, IT IS HEREBY RECOMMENDED that:

1. Defendants' motion to revoke plaintiff's in forma pauperis status (ECF No. 34) be granted;

2. Plaintiff's in forma pauperis status (ECF No. 4) be revoked; and

3. Plaintiff be ordered to pay the $400.00 filing fee within thirty days from any order by the district court adopting these findings and recommendations.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed and served within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated: November 16, 2016

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/lang1437.mtd.1915g